Robert J. Beles Bar No. 41993
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorney for *Claimant William Hackney*

United States District Court
Northern District of California
San Francisco Division

| UNITED STATES OF AMERICA, | No. C 03-1357 PJH |
|---|---|
| *Plaintiff*, | SETTLEMENT AGREEMENT |
| vs. | |
| 2002 CHEVROLET SUBURBAN, VIN NO. 3GNEC 16T42G220803, | |
| *Defendant*. | |

## SETTLEMENT AGREEMENT

The parties agree, subject to the Court's approval, that

1. Plaintiff is the United States of America ("United States"). Defendant is a 2002 Chevrolet Suburban, Vehicle Identification Number 3GNEC 16T42G220803 ("defendant Suburban"). After proper notification and publication was given, as required by Rule C(4), Supplemental Rules for Certain Admiralty and Maritime Claims, the only person who filed a timely Claim and Answer in this action is claimant William Hackney. As a result, only claimant Hackney has a right to defend defendant Suburban. The United States and claimant are hereafter referred to as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

2. After full and open discussion, the parties agree to resolve any and all claims against defendant Suburban as well as against any and all past and present officials, employees and agents of the United States, including those at the United States Department of Justice, arising out of the facts

1
Settlement Agreement

1  alleged in the Complaint for Forfeiture filed in this lawsuit on or about March 31, 2003.

2     3.    The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued I protracted litigation and District Court adjudication.

    4.    The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

    5.    Claimant releases and discharges the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the Complaint for Forfeiture filed on March 31, 2003, and out of the seizure of defendant Suburban.

    6.    The United States and claimant Hackney agree that defendant Suburban shall be sold by the United States Marshal's Service ("USMS") as soon as possible in the USMS's bimonthly vehicle auctions. From the gross proceeds of the sale, the USMS shall deduct the costs of publication and the cost of the sale. The remainder of the proceeds, after the deductions, shall be divided evenly between the United States and claimant Hackney. The USMS shall provide an accounting of the amount of the proceeds of the sale and of the deductions. The funds owing to claimant Hackney shall be paid by check made payable to both William Hackney and his attorney, Robert J. Beles, Esq., and sent by certified mail to Robert J. Beles, Esq., at 1 Kaiser Plaza, Suite 1750, Oakland, CA 94612.

    7.    Claimant Hackney agrees to cooperate in any way deemed necessary by the USMS in order for the USMS to sell defendant Suburban using its normal, bimonthly procedures for auctioning off vehicles. As part of that cooperation, claimant Hackney will provide any and all documents and

information necessary to enable the USMS to be able to convey a clear title to defendant Suburban to a bona fide purchaser for value at auction, and will do so within 15 days of the entry of this stipulation as an order.

8. The United States and claimant Hackney agree that each party shall pay its own attorneys' fees and costs.

9. Upon payment to claimant Hackney, the United States will certify its compliance with this Settlement Agreement to the Court and the parties agree that, subject to the Court's approval, the Court shall dismiss the action at that time.

IT IS SO STIPULATED:

_February 21, 2007_
(date)

KEVIN V. RYAN
United States Attorney

_/s/ Patricia J. Kenney_
Patricia J. Kenney
Assistant United States Attorney
Attorneys for the United States of America

_2/21/07_
(date)

_/s/ Robert Beles_
Robert J. Beles
Attorney for Claimant William Hackney

Pursuant to the foregoing stipulation, it is so ordered on this _22_ day of _February_, 2007.

Honorable Phyllis J. Hamilton
United States District Judge



IT IS SO ORDERED
Judge Phyllis J. Hamilton
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

3
Settlement Agreement